JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MICHAEL T. PYLE (CSBN 172954 )
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7322
    FAX: (415) 436-6748
    E-mail:michael.t.pyle@usdoj.gov

Attorneys for Defendants USA and USPS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PRAETORIAN FINANCIAL INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA ET AL.,<br><br>    Defendants. | No. 07-05746 SBA<br><br>**[PROPOSED] ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE**<br><br>Date: March 25, 2008<br>Time: 1:00 p.m.<br>Courtroom: 3<br>Hon: Saundra B. Armstrong |

## I. INTRODUCTION

Plaintiff Praetorian Financial Insurance Company ("Praetorian" or "Plaintiff") alleges a single cause of action for negligence against the United States of America and the USPS (collectively, "Federal Defendants") in this Federal Tort Claims Act ("FTCA") case. Plaintiff alleges that entities it insured (Oakland Associates and S.S. Silverblatt, Inc.) leased property located at 1675 7th Street, Oakland, California to the USPS pursuant to a lease agreement. Plaintiff further alleges that there was a fire at the premises on May 17, 2006 and that the Federal Defendants' agents caused the fire, for which Plaintiff had to pay its insureds for the damage to the premises.

1    This motion presents a pure question of law for the Court to resolve. The Court grants the
2    Federal Defendants motion to dismiss with prejudice for the reasons set forth below.

## II. FACTUAL BACKGROUND

### A. Plaintiff's Complaint

Plaintiff Praetorian Financial Insurance Company ("Praetorian" or "Plaintiff") alleges a single cause of action for negligence against the United States of America and the United States Postal Service. Plaintiff alleges that it was formerly known as Insurance Corporation of Hanover. Complaint, ¶2. The Complaint further alleges that entities known as Oakland Associates and S.S. Silverblatt, Inc. have been insured by Plaintiff, such that Plaintiff was obligated by an insurance policy to pay those entities for any property damage to the Premises, minus the Policy's deductible. *Id.* ¶¶3-4 & 6. Plaintiff alleges that those two entities leased premises located at 1675 7th Street, Oakland, California ("the Oakland Facility") to the United States Postal Service pursuant to a lease agreement ("the Lease Agreement"). *Id.* ¶5.

Plaintiff alleges that a fire occurred at the Oakland Facility on or about May 17, 2006, and Plaintiff alleges, on information and belief, that the Federal Defendants' agents caused the fire. *Id.* ¶¶8-11. Plaintiff alleges that it paid its insureds for the damages caused by the fire pursuant to the insurance policy. *Id.* ¶13

### B. The Lease Agreement

The Lease Agreement is explicitly referenced in the Complaint (in Paragraph 5), but plaintiff did not attach a copy of the Lease Agreement to its Complaint. The Court nonetheless considers the terms of the Lease Agreement under the Ninth Circuit's "'incorporation by reference'" doctrine, which permits [courts] to take into account documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) *(*quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)). This doctrine prevents "a plaintiff with a legally deficient claim [from surviving] a motion to dismiss simply by failing to attach a dispositive document on which it relied." *Pension Benefit Guar. Corp. v. White Consolidated Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Nor does this use of this doctrine convert a

1  Rule 12(b)(6) motion like this one into a motion for summary judgment.  *Branch*, 14 F.3d at 454.

2      Plaintiff cannot reasonably contest the authenticity of the Lease Agreement attached to the
3  declaration of John J. Fraher in support of this motion.  See Declaration of John Fraher ("Fraher
4  Decl.") ¶¶3-8 & Exhs. A-D**.**  Moreover, plaintiff cannot claim any prejudice from having this
5  issue resolved at the outset of the case because the USPS denied plaintiff's administrative claim
6  by letter dated June 26, 2007 on the same grounds as are presented in this motion.

7      The Lease Agreement was entered into on May 30, 1970 between S.S. Silverblatt and the
8  United States of America.  Fraher Decl., ¶4 & Exh. A (5/30/70 Lease) at  ¶1.  The Lease
9  Agreement was for the period of January 1, 1970 until December 1, 1999.  Fraher Decl.,  ¶4 &
10  Exh. A (5/30/70 Lease) at  ¶3.  Annual rent was set at $1,417,888.61.  Fraher Decl.,  Exh. A
11  (5/30/70 Lease) at ¶ 4.    The lease included a renewal option (*id*. at ¶ 5), which was in fact
12  exercised several times.  *See* Fraher Decl., Exhs. C-E.

13      Paragraph 7(a) of the Lease Agreement provides:

> The Government shall, unless herein specified to the contrary, keep the demised premises in good repair and tenantable condition, expect that the Government shall not be obligated to repair the demised premises in the event of total or partial damage thereto or destruction thereof caused by fire or other casualty or calamity, Acts of God, acts of the public enemy, or acts of a stranger, the repair of which said damage or destruction shall remain the obligation of the Lessor.  The term "demised premises" as used in this paragraph includes the improvements thereon and the appurtenances thereto, and any and all equipment and fixtures furnished and to be furnished by the Lessor under this Lease.  The term "repair" as used in this paragraph includes repairs of every character, exterior and interior, structural and nonstructural, ordinary as well as extraordinary, foreseen as well as unforeseen, replacements and renewals. . . . The Government's responsibilities as stated herein shall be fulfilled at such time and in such manner as it considers necessary to keep the demised premises, equipment, fixtures, improvements and appurtenances in proper condition.

23  Fraher Decl., Exh. A (5/30/70 Lease) at ¶7(a).

24      Paragraph 7(c) of the Lease Agreement provides: "The Government shall pay for heat,
25  custodial services, and all utilities, including water and sewarage service, during the lease term
26  and all renewal terms."  *Id*. at ¶7(c).  Nothing in Paragraph 7(c) – or any other term of the Lease
27  Agreement – obligated the USPS or United States to secure fire insurance for the Oakland
28  Facility.

[PROPOSED] ORDER GRANTING FED. DEFENDANTS' MOTION TO DISMISS
C 07-05746 SBA                                         3

Paragraph 10(a) of the Lease Agreement explicitly refers back to Paragraph 7 of the Lease Agreement and Paragraphs 10 and 11 of the Lease Agreement underscore and independently confirm that the Lease Agreement places the burden on the Lessor for any and all repairs to the Oakland Facility. *Id*. at ¶¶10-11.

### III. ANALYSIS

#### A. Standards for Motion to Dismiss

On a motion to dismiss, the Court takes as true all material factual and non-speculative allegations of the complaint. *Bell Atlantic Corp. v. Twombley*, 127 S.Ct. 1955 (2007). This motion presents two questions of law that do not turn on any disputed fact.

#### B. The Lease At Issue Insulates Defendants From Liability.

In this FTCA action, state law governs the question of whether or not the Federal Defendants can be held liable to Plaintiff. 28 U.S.C. §1346(b); *Richards v. United States*, 369 U.S. 1 (1962). Here the state law to be followed is California law in light of the fact that the Federal Defendant's alleged negligence took place in Oakland, California.

The legal issue arising from Plaintiff's complaint is whether or not a landlord's insurer (here, Plaintiff) can sue a tenant (here, the Federal Defendants) who is alleged to have negligently caused a fire that led to the insurance company paying money to fix the property. The answer under California law is "no."

*Parsons Manufacturing Corp., Inc. v. Superior Court*, 156 Cal. App. 3d 1151, 1162 203 Cal. Rptr. 419, 424 (1984) provides this answer, holding as it does, that where a lease "adverts to the possibility of fire and there is no clear language or other admissible evidence showing an agreement to the contrary, a lease agreement should be read to place on the lessor the burden of insuring the premises (as distinguished from the lessee's personal property) against lessor *and lessee* negligence." (emphasis in original).

The Lease Agreement at issue in this case explicitly "adverts to the possibility of fire" in Paragraph 7(a) and again in Paragraphs 10 and 11 and thus the Plaintiff insurer must bear the cost of the fire damages because its insureds, the lessors, had the burden of insuring against Federal Defendants' alleged negligence because there is no "clear language or other admissible evidence showing an agreement to the contrary."

This Court follows *Parsons* because Plaintiff has offered no convincing evidence that the California Supreme Court would decide the issue differently. *Martinez v. Gomez*, 137 F.3d 1124, 1126 (9th Cir. 1998); *California Pro-Life Council, Inc. v. Getman*, 328 F.3d 1088, 1099 (9th Cir. 2003).

*Parsons* explicitly adopted the reasoning of *Rizzuto v. Morris*, 592 P.2d 688 (Wash. 1979), finding the Washington Supreme Court's "more persuasive observations" to be:

1. "[I]t would be an undue hardship to require a tenant to insure against his own negligence when he is paying, through his rent, for the fire insurance which covers the premises in favor of the lessor."

2. "[I]nsurance companies expect to pay their insureds for negligently caused fire, and they adjust their rates accordingly. In this context, an insurer should not be allowed to treat a tenant, who is in privity with the insured landlord, as a negligent third party when it could not collect against its own insured had the insured negligently caused the fire. In effect, the tenant stands in the shoes of the insured landlord for the limited purposes of defeating a subrogation claim."

3. "[T]he ordinary and usual meaning of 'loss by fire' includes fires of negligent origin. A reasonable businessman or woman contracting as a lessee would understand that the term exempts him or her from all liability for all fires covered by the usual fire insurance policy."

*Parsons*, 156 Cal. App. 3d at 1161-62 (citing *Rizzuto*, 592 P.2d at 690).

*Parsons* also cited with approval *Rock Springs Realty, Inc. v. Waid*, 392 S.W.2d 270 (Mo. 1965) and *Monterey Corp. v. Hart, Ex'r*, 224 S.E.2d 142 (Va. 1976). *Parsons*, 156 Cal. App. 3d at 1161. *Monterey Corp.* held in favor of a lessee where the lease only required the lessee to return the premises in good condition "reasonable wear and tear and damages by accidental fire excepted."

In sum, *Parsons* provides California law on point that this Court must follow. The rule from *Parsons*, well supported by sound public policy and cases on point from other jurisdictions, compels the dismissal of the Federal Defendants from this case with prejudice.

//

[PROPOSED] ORDER GRANTING FED. DEFENDANTS' MOTION TO DISMISS
C 07-05746 SBA                                    5

### C. Defendant Is Dismissed from the Case

Plaintiff's negligence claim is brought pursuant to the FTCA. Under the FTCA, the only proper defendant is the United States, not the USPS, an agency. Thus, the USPS is dismissed from the case with prejudice. 28 U.S.C. § 2679(a); *Allen v. Veterans Admin.*, 749 F.2d 1386, 1388 (9th Cir. 1984) (under the FTCA the United States is "the sole party" which may be sued; "[i]ndividual agencies of the United States may not be sued").

### D. Dismissal Should Be With Prejudice

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading." *Id.* at 296-97.

The Court grants the Federal Defendants' motion with prejudice because amendment would be futile. No factual allegations could contradict the language in the Lease Agreement which insulates the Federal Defendants from liability.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Federal Defendants motion to dismiss is granted with prejudice.

**IT IS SO ORDERED**.

DATED: _____

Hon. Saundra B. Armstrong
United States District Judge