1   Harrington, Foxx, Dubrow & Canter, LLP
    KEVIN J. GRAY, State Bar No. 142685
2   650 California Street, 19ᵗʰ Floor
    San Francisco, California 94108
3   Telephone (415) 288-660
    Facsimile (415) 288-6618
4   E-mail kgray@hfdclaw.com

5

6   Attorneys for Plaintiff PRAETORIAN FINANCIAL
    INSURANCE COMPANY

7

8                          UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                              OAKLAND DIVISION

11

12  PRAETORIAN FINANCIAL INSURANCE          )   CASE NO.  07-05746 SBA
    COMPANY,                                )
13                                          )
              Plaintiff,                    )   **PLAINTIFF'S OPPOSITION TO**
14                                          )   **FEDERAL DEFENDANTS' MOTION TO**
         v.                                 )   **DISMISS**
15                                          )
    UNITED STATES OF AMERICA, UNITED        )   Date:        March 25, 2008
16  STATES POSTAL SERVICE, AND DOES 1       )   Time:        1:00 p.m.
    TO 25, INCLUSIVE,                       )   Courtroom:   3
17                                          )   Hon:         Saundra B. Armstrong
              Defendants.                   )
18                                          )
                                            )
19                                          )

20

21

22       COMES NOW Plaintiff, PRAETORIAN FINANCIAL INSURANCE COMPANY

23  ("PRAETORIAN"), and submits the following Opposition to Federal Defendants Motion to

24  Dismiss.

25  / / /

26  / / /

27  / / /

28  / / /

HARRINGTON, FOXX, DUBROW & CANTER, LLP
650 CALIFORNIA STREET, 19ᵀᴴ FLOOR
SAN FRANCISCO, CALIFORNIA 94108
TELEPHONE (415) 288-6600

-1-

I.

**SUMMARY OF ARGUMENT**

The Federal Defendants' Motion to Dismiss must be denied because PRAETORIAN has successfully pled a proper subrogation cause of action.   Plaintiff  pled facts to show it paid its insured for losses caused by a fire and this fire was caused by the Federal Defendants' negligence. These allegations alone are sufficient at the pleading stage and the provisions of the Lease do not support dismissing the Complaint at the pleadings stage.  The Lease at issue is silent as to any references to liability insurance or the intent of the parties to the Lease regarding the lessor's obligation to purchase liability insurance.  Defendants cannot create factual issues regarding the intent of the parties outside the allegations of the Complaint in an effort to dismiss the Complaint. The issue at this time is not what the factual intent of the parties regarding insurance was in entering into the Lease (as the Federal Defendants argue), but whether PRAETORIAN has met its burden in pleading facts to support a subrogation claim.  PRAETORIAN has met its burden and case law establishes all doubts should be resolved in its favor.

II.

**FACTUAL ALLEGATIONS OF COMPLAINT**

This subrogation, property damage case arises out of a fire on May 17, 2006 at premises leased by Defendants from PRAETORIAN's insured.  (See Complaint at ¶s 3, 4, 5 and 7) PRAETORIAN alleges this fire was caused, "As a result of the Defendants, including their employees, agents, or representatives and each of them, rigging an electrical receptacle and timing device for the activation of timed electrical energy for cooking, production of hot water, unknown food preparation, or as a result of other intentional or unintentional actions or failure to act."  (See Complaint at ¶ 8)   PRAETORIAN further alleges, "That the Defendants, including their employees, agents, or representatives and each of them, were negligent in rigging an electrical receptacle and timing device for the activation of timed electrical energy for cooking, production

HARRINGTON, FOXX, DUBROW & CANTER, LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108
TELEPHONE (415) 288-6600

-2-

1   of hot water, unknown food preparation, or as a result of other intentional or unintentional actions

2   or their failure to act," and, alternatively, that Defendants were negligent in supervising its

3   employees and in the maintenance of the Premises.  (See Complaint at ¶s 9, 10, and 11) This

4   negligence was the cause of the fire.  (Complaints at ¶ 12)   The provisions of the Lease for the

5   Premises were silent as to whether the lessors, PRAETORIAN's insureds, were responsible for

6   maintaining liability insurance for the Premises or the intent of the parties regarding the lessor

7   procuring liability insurance.  (See generally, the Lease, attached to the Federal Defendants'

8   moving papers)

9

10                                           III.

11                              **LEGAL ARGUMENT**

12

13       A.      **Standard of Review**

14

15          In ruling on a motion to dismiss, the Court must accept as true all the material and factual

16   allegations of the complaint.  (Bell Atlantic Corp. v. Twombley, 127 S.Ct. 1955) (2007) Further,

17   "Ordinarily, a motion to dismiss should not be granted," and, "Where there is any doubt about he

18   character of the action, doubts should be resolved in favor of the pleader."  (Taylor v. Breed, 58

19   F.R.D. 101, 105 (N.D. Cal. 1973) Moreover, "A complaint should not be dismissed for failure to

20   state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support

21   of his claim which would entitle him to relief." (Williams v. Gorton, 529 F.2d 668, 672 t 673 (9th

22   Cir. 1976)  Thus, the Court should strictly construe the Federal Defendants' Motion to Dismiss

23   and resolve any factual ambiguities in favor of PRAETORIAN.

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

**HARRINGTON, FOXX, DUBROW & CANTER, LLP**
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108
TELEPHONE (415) 288-6600

-3-

**HARRINGTON, FOXX, DUBROW & CANTER, LLP**
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108
TELEPHONE (415) 288-6600

**B.    The Motion to Dismiss must be denied because the factual allegations of the Complaint state a claim upon which relief may be granted**

The right of subrogation exists to compel payment from one "who in justice and good conscience *ought* to make" payment. (State Farm General Insurance Company v. Wells Fargo Bank, N.A. (2006) 143 Cal.App.4th 1098, 1106 (emphasis in original)) Subrogation allows an insurance company to be put in the position of its insured to recover monies the insurer paid on behalf of the insured for damages caused by another. (State Farm, 143 Cal.App.4th at 1106) In deciding whether a right to subrogation exists, the equities between the insurer and the third party from whom payment is being sought must be balanced. If the insurer has superior equities, then it may recover from the third party. (State Farm, 143 Cal.App.4th at 1108) This "doctrine of superior equities applies in all cases of subrogation." (State Farm, 143 Cal.App.4th at 1111)

In State Farm, the Court explained that in balancing the equities "the wrongdoer is not relieved of liability merely because the insured took the precaution of insuring against the risk of loss." (State Farm, 143 Cal.App.4th at 1110) In weighing the equities, the Court must determine who ultimately must bear the loss and this analysis comes "down to a question of fault." (State Farm, 143 Cal.App.4th at 1112)  The wrongdoer which caused the loss cannot be considered an innocent party and where there is an innocent insurer, the insurer "will always have superior equities." (State Farm, 143 Cal.App.4th at 1113) This rule applies to entities which are in a position to avoid the loss, such as an employer which has constructive notice of wrongdoing on its employee's part, but takes no action to remedy the situation. (State Farm, 143 Cal.App.4th at 1113 to 1114) These rules apply with equal force even where the third party's liability is contractual, as it is unfair for the insurer to bear the loss when "the loss has been caused by the third party's tortious conduct." (State Farm, 143 Cal.App.4th at 1118)

The Federal Defendants' Motion to Dismiss must be denied because PRAETORIAN properly pled a subrogation claim against the Federal Defendants. PRAETORIAN alleged it was

-4-

HARRINGTON, FOXX, DUBROW & CANTER, LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108
TELEPHONE (415) 288-6600

1   the insurer of Oakland Associates and S.S. Silverblatt, Inc. and was obliged to pay for losses they

2   incurred as a result of the Federal Defendants' negligence.  Based on this allegation, the equities

3   shifted in PRAETORIAN's favor.  PRAETORIAN is an innocent insurer who was damaged by

4   the wrongful actions of the Federal Defendants which were "negligent in rigging an electrical

5   receptacle and timing device for the activation of timed electrical energy for cooking, production

6   of hot water, unknown food preparation, or as a result of other intentional or unintentional actions

7   or their failure to act," and, alternatively, negligent in supervising its employees and in the

8   maintenance of the Premises.

9

10   The Federal Defendants rely exclusively upon <u>Parsons Manufacturing Corporation, Inc. v.

11   Superior Court (General Accident Fire and Life Assurance Corporation, Ltd.)</u> (1984) 156

12   Cal.App.3d 1151 in support of their Motion to Dismiss.  The Court, however, cannot rely upon

13   <u>Parsons</u> because <u>Parsons</u>' analysis is incomplete.  Though <u>State Farm</u> mandates the equities must

14   be balanced, <u>Parsons</u> never balanced the equities of the relative parties, which "applies in all cases

15   of subrogation."  (<u>State Farm</u>, 143 Cal.App.4th at 1111)  <u>Parsons</u> never analyzed, as it was

16   required to do, whether even under the contractual provisions of the lease the equities supported

17   the lessee being held liable for its own negligence.

18

19   Further, <u>Parsons</u> is dependent on its interpretation of the lease at issue in that case.  In

20   <u>Parsons</u> there was no express provision in the lease regarding insurance, but the <u>Parsons</u> Court

21   found "hints" that the lessor would obtain insurance.  (<u>Parsons</u>, 156 Cal.App.4th at 1162 to 1163).

22   In the instant Lease, there are <u>not</u> even hints the lessor is to obtain insurance.  **That distinction**

23   **alone is enough to deny the Motion to Dismiss.**

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

**C.** **The Motion to Dismiss must be denied because there is no express agreement regarding insurance**

In <u>Morris v. Warner</u> (1929) 207 Cal. 498, the California Supreme Court stated the general rule that a "negligent lessee should be held responsible for the damage he or she causes." (<u>Morris v. Warner</u> (1929) 207 Cal. 498, 501 to 502) At issue in <u>Morris</u> was fire damage caused by the lessee's negligence. In <u>Morris</u>, the lease provision at issue was similar to the at issue in this case–that the lessee would keep the premises in good repair and tenentable condition, except for damage caused by fire. In <u>Morris</u>, there was no evidence regarding any agreements that the lessor would insure the premises and that such insurance would benefit both the lessor and lessee. Absent insurance, the lessee was held liable to the lessor for fire damage caused by its own negligence despite the lease provision. (<u>Morris</u>, 207 Cal. at 501 to 502)

The <u>Morris</u> case is controlling in the instant case. There is no express agreement regarding insurance in the Lease at issue and no mention of insurance in the Lease at all. Without any express agreement regarding insurance or any reference to it, the Federal Defendants are liable for their own negligence in causing the fire. Thus, under <u>Morris</u>, PRAETORIAN has properly stated a cause of action by pleading the fire damage was caused by the Federal Defendants' negligence. An insurer steps into the shoes of its insured in a subrogation case and cannot assert its insured's rights to recover damages from lessee for the lessee's negligence.

To avoid a result consistent with <u>Morris</u>, the Federal Defendants argue that an insurance provision should be read into the Lease and rely upon <u>Parsons</u>, <u>supra</u>. The Federal Defendants reliance on <u>Parsons</u> is misplaced and <u>Parsons</u> needs to be placed in context. <u>Parsons</u> was a summary judgment case regarding fire damage caused by the lessee's negligence. The lessee claimed the lessor had waived its subrogation rights and moved for summary judgment. The lessee argued that under the lease it was responsible for returning the premises in good condition except for damages caused by fire. The Court found in the lessee's favor, and sidestepped the

OPPOSITION TO MOTION TO DISMISS

**HARRINGTON, FOXX, DUBROW & CANTER, LLP**
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108
TELEPHONE (415) 288-6600

HARRINGTON, FOXX, DUBROW & CANTER, LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108
TELEPHONE (415) 288-6600

1   <u>Morris</u> decision, by  reading an implied requirement into the lease that the lessor obtain fire

2   insurance for the benefit of both the lessee and lessor.  The Court found that the lease was "rife

3   with hints that the lessor would procure insurance" and because of these hints the "lessee was

4   entitled to expect that such insurance would be for its benefit." (<u>Parsons</u>, 156 Cal.App.3d 1151)

5   It is on this point that <u>Parsons</u> is distinguishable.  The Lease at issue in the instant case is silent on

6   the issue of insurance and there are no "hints" upon which the Federal Defendants could rely.

7   Thus, at the pleading stage, an implied contract provision cannot be read into the Lease where

8   there are no factual "hints" to support doing so.  Thus, <u>Parsons</u> is not controlling and the Motion

9   to Dismiss should be denied.

10

11      <u>Parsons</u> was also clear to state that, "We do not mean our opinion to state that a lessor may

12   never shift to the lessee the burden of insuring against the lessee's negligence." (<u>Parsons</u>, 156

13   Cal.App.3d at 1162) The Court in <u>Fire Insurance Exchange v. Hammond</u> (2000) 83 Cal.App.4th

14   313, discussed <u>Parsons</u> and when the burden would shift.  In <u>Fire Insurance Exchange</u>, the Court

15   pointed out that an implied insurance provisions was read into the lease in <u>Parsons</u> because of the

16   "hints" that insurance would be procured. (<u>Fire Insurance Exchange</u>, 83 Cal.App.4ht at 318)   The

17   Court then went on to state there was a "scarcity" of California opinions regarding the subrogation

18   issue, but in the majority of out-of-state cases in which subrogation was denied, "the lease

19   expressly required the lessor to maintain fire insurance and/or excepted fire damage in the yield-

20   up clause."   (<u>Fire Insurance Exchange</u>, 83 Cal.App.4th at 319)

21

22      The Court explained that the "subrogation issue is generally resolved on a case-by-case

23   basis, dependent on the parties' reasonable expectations in light of the particular lease terms."

24   (<u>Fire Insurance Exchange</u>, 83 Cal.App.4ht at 319 to 320)   Further, where the parties have reduced

25   their agreement to writing, their mutual intention is to be determined by the language of that

26   agreement.   (<u>Fire Insurance Exchange</u>, 83 Cal.App.4ht at 321)   In <u>Allstate Ins. Co. v. Gip</u>, 797 F.

27   Supp.763 (N.D. Cal. 1992), upon which the Federal Defendants rely, the Court explained that the

28

-7-

HARRINGTON, FOXX, DUBROW & CANTER, LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108
TELEPHONE (415) 288-6600

1 question as to what the parties intended in their lease regarding insurance was a factual issue.

2 (See Allstate Ins. Co., 797 F.Supp. at 766)

3

4 　　In the instant case, the language of the Lease is silent on the issue of insurance or what the

5 intent of the parties was in entering the lease.  At the pleading stage all "doubts should be resolved

6 in favor of the pleader." (Taylor v. Breed, 58 F.R.D. 101, 105 (N.D. Cal. 1973)   Thus, the Court

7 cannot read into the Complaint facts that are not there or what the intent of the parties was

8 regarding insurance.  Nor can the Court read into the Complaint what the reasonable expectations

9 of the parties were in entering into the Lease.  Thus, the Motion to Dismiss based on the intent of

10 the parties and their reasonable expectations, absent any facts, must be denied.

11

12 　　Parsons admits that a case-by-case analysis must be conducted in determining whether a

13 right to subrogation exists.  This case clearly calls out for subrogation if ever one did.  The Federal

14 Defendants are not unsophisticated tenants who need to be protected by overreaching landlords.

15 They are highly sophisticated tenants, which drafted the Lease, and are more than able to afford

16 insurance for the Premises.  The Lease they drafted does not even so much as hint that the lessor

17 would purchase liability insurance.  Clearly, when the equities are balanced, PRAETORIAN's

18 outweigh the wrongdoing of the Federal Defendants in causing the fire and property damage.

19

20 **D.    Leave of Court should be granted to correct any factual omissions in the**

21 **Complaint**

22

23 　　Should the Court find the Complaint lacking in its factual allegations, PRAETORIAN

24 requests leave of the Court to amend the Complaint.

25

26 / / /

27 / / /

28 / / /

-8-
OPPOSITION TO MOTION TO DISMISS

**IV.**

**CONCLUSION**

For the foregoing reasons, the Motion to Dismiss must be granted.

DATED: March 4, 2008                    HARRINGTON, FOXX, DUBROW & CANTER, LLP

By:    /s/ KEVIN J. GRAY
       KEVIN J. GRAY
       Attorneys for Plaintiff PRAETORIAN
       FINANCIAL INSURANCE COMPANY

HARRINGTON, FOXX, DUBROW & CANTER, LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108
TELEPHONE (415) 288-6600

OPPOSITION TO MOTION TO DISMISS