JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MICHAEL T. PYLE (CSBN 172954 )
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7322
FAX: (415) 436-6748
E-mail:michael.t.pyle@usdoj.gov

Attorneys for Defendants USA and USPS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PRAETORIAN FINANCIAL INSURANCE COMPANY,<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA ET AL.,<br><br>      Defendants. | No. 07-05746 SBA<br><br>**FEDERAL DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**<br><br>Date: March 25, 2008<br>Time: 1:00 p.m.<br>Courtroom: 3<br>Hon: Saundra B. Armstrong |

## I. INTRODUCTION

Plaintiff's opposition brief does not deny that the Court should rely on the Lease Agreement that was attached to the declaration of John J. Fraher. Instead, Plaintiff tries to evade the rule from *Parsons Manufacturing Corp., Inc. v. Superior Court*, 156 Cal. App. 3d 1151, 1162 (1984): where a lease "adverts to the possibility of fire and there is no clear language or other admissible evidence showing an agreement to the contrary, a lease agreement should be read to place on the lessor the burden of insuring the premises (as distinguished from the lessee's personal property) against lessor *and lessee* negligence." (emphasis in original).

Plaintiff's opposition brief does not deny that the Lease Agreement "adverts to the possibility of fire." Nor does Plaintiff point to any "clear language or other admissible evidence"

1  to upset *Parson's* rule that absent such "clear language or other admissible evidence" the Lease
2  Agreement in this case "should be read to place on the lessor the burden of insuring the
3  premises" from alleged "lessee negligence." *Parsons* was decided on review of the denial of the
4  lessor's summary judgment motion, yet Plaintiff's claim should not survive this motion to
5  dismiss because Plaintiff offers no *allegation,* much less any evidence, that can upset the plain
6  language of the Lease Agreement.

7  Plaintiff's various efforts to discredit *Parsons* fail.  Indeed, Plaintiff's own cases confirm that
8  *Parsons* supplies the California law on point.  The Court should follow *Parsons* and hold as a
9  matter of law that the Federal Defendants are not liable to Plaintiff.

10  Plaintiff does not contest that the USPS must be dismissed as a defendant in this FTCA
11  action. *See* 28 U.S.C. § 2679(a); *Allen v. Veterans Admin.*, 749 F.2d 1386, 1388 (9th Cir. 1984).

12  The Court should grant the Federal Defendants' motion to dismiss.

13  **II. THE COURT SHOULD GRANT THE FEDERAL DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE**
14  
15  **A. The Lease At Issue Insulates Defendants From Liability.**

16  *Parsons Manufacturing Corp., Inc. v. Superior Court*, 156 Cal. App. 3d 1151, 1162 (1984)
17  holds that where a lease "adverts to the possibility of fire and there is no clear language or other
18  admissible evidence showing an agreement to the contrary, a lease agreement should be read to
19  place on the lessor the burden of insuring the premises (as distinguished from the lessee's
    personal property) against lessor *and lessee* negligence." (emphasis in original).
20  
21  The Lease Agreement at issue in this case explicitly "adverts to the possibility of fire" in
    Paragraph 7(a) and again in Paragraphs 10 and 11.  *See* Declaration of John Fraher ("Fraher
22  Decl.") ¶4 & Exh. A (5/30/70 Lease) at  ¶¶7, 10 & 11.  Plaintiff must bear the cost of the fire
23  damages because its insureds, the lessors, had the burden of insuring against Federal Defendants'
24  alleged negligence because there is no "clear language or other admissible evidence showing an
25  agreement to the contrary."  And, fatal to Plaintiff, is the fact that Plaintiff's complaint contains
26  no allegation showing an agreement to the contrary and Plaintiff's opposition brief does not even
27  suggest that Plaintiff could make such an allegation.
28  //

Unable or unwilling to grapple with the rule of decision from *Parsons*, Plaintiff's opposition brief tries to sidestep *Parsons* with a series of red herrings.

Plaintiff first contends that *Parsons* failed to address the doctrine of superior equities, relying on *State Farm General Ins. Co. v. Wells Fargo Bank, N.A.*, 143 Cal. App. 4th 1106 (2006). *See* Opp. Br. at 4-5. The argument is a curious one because the doctrine of superior equities is a restriction on the ability of insurers to recover in subrogation cases that the insurer in *State Farm* sought to evade. On its face, *State Farm* is irrelevant to the issue at hand since it does not involve an issue like the one here (and in *Parsons*).

Moreover, Plaintiff is simply wrong in saying that *Parsons* did not address the relative equities of the parties. *Parsons* carefully considered the equity and policy reasons as to whether tenants or insurers should be the ones to bear the cost of fire damage. *Parsons* came down squarely in favor of tenants as the parties with equity on their side and explicitly adopted the reasoning of *Rizzuto v. Morris*, 592 P.2d 688 (Wash. 1979):

1. "[I]t would be an undue hardship to require a tenant to insure against his own negligence when he is paying, through his rent, for the fire insurance which covers the premises in favor of the lessor."

2. "[I]nsurance companies expect to pay their insureds for negligently caused fire, and they adjust their rates accordingly. In this context, an insurer should not be allowed to treat a tenant, who is in privity with the insured landlord, as a negligent third party when it could not collect against its own insured had the insured negligently caused the fire. In effect, the tenant stands in the shoes of the insured landlord for the limited purposes of defeating a subrogation claim."

3. "[T]he ordinary and usual meaning of 'loss by fire' includes fires of negligent origin. A reasonable businessman or woman contracting as a lessee would understand that the term exempts him or her from all liability for all fires covered by the usual fire insurance policy."

*Parsons*, 156 Cal. App. 3d at 1161-62 (citing *Rizzuto*, 592 P.2d at 690). These points adopted by *Parsons* show the reasons that Plaintiff does not have equity on its side. The United States paid millions of dollars in rent over the years, proceeds that *Parsons* and common sense both teach

would have been used by the lessors to pay the fire insurance premiums to Plaintiff to insure the property from fire damage. Tellingly, Plaintiff offers no answer to the balancing of equities from *Parsons*.

Plaintiff's next argument is that *Parsons* is distinguishable because in that case the Court found "hints" that the lessor would obtain insurance and there are no such "hints" in this case. Opp. Br. at 5. Plaintiff seems to be asking the Court to ignore the undisputed fact that the lessors (Plaintiff's insureds) obtained fire insurance from Plaintiff and that the United States did not obtain any fire insurance for the property. The language of the Lease Agreement – which obligates the lessors, and not the United States, to repair any fire damage – provides the "hints" that the lessors were to obtain fire insurance to cover the possibility of fire that they were responsible for repairing. It would have made no sense for the United States to obtain another fire insurance policy on the same property. And, again, the "hints" in the Lease Agreement were followed here because the Lessors obtained fire insurance from Plaintiff.[1]

Plaintiff next relies on *Morris v. Warner*, 207 Cal. 498 (1929), calling the case "controlling in the instant case." Opp. Br. at 6-7. *Morris* – since it was a suit between a lessor and lessee and not, as here, a suit by an insurance company against a lessee – is not even on point, much less controlling. As explained by *Parsons*, "[t]he *Morris* holding, because it was rendered in a suit between lessee and lessor not involving insurance, served merely to introduce a topic considered in greater detail by other California courts and courts of other jurisdictions. *Parsons*, 156 Cal. App. 3d 1159. The fact that *Morris* did not involve a suit by an insurance company is significant because of the policy rationale drawn by *Parsons* from the Washington State Supreme Court's opinion in *Rizzzuto*.

Indeed, two other cases relied upon by Plaintiff (at pages 7-8 of its Opp. Br.) – *Fire Ins. Exchange v. Hammond*, 83 Cal. App. 4th 313 (2000) and *Allstate Ins. Co. v. Gip*, 797 F.Supp. 763 (N.D. Cal. 1992) – rely upon *Parsons* and do not even mention *Morris*. Thus, Plaintiff's own cases follow *Parsons* and rightly ignore *Morris*.

//

---

[1] *Parsons*' discussion of "hints" shows that it is irrelevant that the Lease Agreement in this case does not explicitly require the Lessors to obtain fire insurance.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
C 07-05746 SBA                                    4

*Parsons* does make clear that its holding does not mean that "a lessor may never shift to the lessee the burden of insuring against the lessee's negligence." *Parsons*, 156 Cal. App. 3d at 1162. That point necessarily flows from the holding cited above, namely that an insurer can avoid the fate of the insurer in *Parsons* if the lease agreement contains "clear language" or there is other admissible evidence to prove that the parties agreed that the lessee would be responsible for fire damage.

*Fire Ins. Exchange*, relied upon by Plaintiff, shows what such a lease agreement looks like. Unlike the Lease Agreement in this case and in *Parsons*, the "yield-up" clause in *Fire Ins. Exchange* regarding the lessee's obligation to return the property at the end of the lease in a particular condition did not except fire damage but only "normal wear and tear." 83 Cal. App. 4th at 320. Moreover, unlike the Lease Agreement in this case and in *Parsons*, the lease in *Fire Ins. Exchange* had a clause expressly holding the lessee liable for damages cause by the lessee's negligence or the negligence of the lessee's guests or invitees. *Id.* Indeed, *Fire Ins. Exchange* is yet another case in Defendants' favor because the court there recognized that "the majority of out-of state cases denying subrogation" involved leases that "expressly required the lessor to maintain fire insurance and/*or* excepted fire damages in the yield up clause." *Id.* (emphasis added; citing cases from jurisdictions around the country, including *Rizutto*). The Lease Agreement in this case unquestionably "excepted fire damages in the yield up clause." *See* Fraher Decl., Exh. A (5/30/70 Lease) at ¶7.

Finally, Plaintiff argues in various ways throughout his opposition brief that the Court should give Plaintiff the benefit of the doubt on this motion to dismiss and defer the issue for summary judgment. *Parsons* did involve an appeal of the denial of a motion for summary judgment, but its holding and that of the other cases cited in this brief can be applied to this motion to dismiss. Simply put, Plaintiff has not alleged any agreement or evidence that would permit the Court to read the Lease Agreement to permit Plaintiff's subrogation claim to go forward. An analogous California case resolved the viability of a claim for damages arising from a fire allegedly caused by a tenant at the pleadings stage. *See Fred A. Chapin Lumber Co. v. Lumber Bargains, Inc.*, 189 Cal. App. 3d 613 (1961) (affirming motion for judgment on the pleadings in suit by lessor against lessee for fire damage allegedly caused by lessee). As Plaintiff concedes in its opposition

//

brief: "where the parties have reduced their agreement to writing, their mutual intention is to be determined by the language of that agreement. Opp. Br. at 7.

The Lease Agreement is before the Court on this motion to dismiss. *Parsons* provides California law on point that this Court must follow. The rule from *Parsons*, well supported by sound public policy and cases on point from other jurisdictions, compels the dismissal of the Federal Defendants from this case with prejudice.

### B. Plaintiff Does Not Contest That Defendant USPS Should be Dismissed from the Case

Plaintiff's negligence claim is brought pursuant to the FTCA. Under the FTCA, the only proper defendant is the United States. Plaintiff's opposition brief does not contest this point. Thus, the USPS should be dismissed from the case with prejudice. 28 U.S.C. § 2679(a); *Allen v. Veterans Admin.*, 749 F.2d 1386, 1388 (9th Cir. 1984) (under the FTCA the United States is "the sole party" which may be sued; "[i]ndividual agencies of the United States may not be sued").

### C. Dismissal Should Be With Prejudice

Plaintiff asks for leave to amend (Opp. Br. at 8), but offers no hint of any fact that it could or would allege that would allow it to state a claim in light of the fact that California law insulates the Federal Defendants from liability due to the undisputed terms of the Lease Agreement. As a result, the Court should grant the motion to dismiss with prejudice because amendment would be futile. *Albrecht v. Lund*, 845 F.2d 193, 195-96 (9th Cir. 1988) (affirming district court's denial of request for leave to amend); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990) (same). There would be no point in granting leave to amend since no allegations could contradict the language in the Lease Agreement which insulates the Federal Defendants from liability.

//
//
//
//
//
//
//
//
//

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
C 07-05746 SBA                                    6

### III. CONCLUSION

The United States of America and the USPS request that the Court grant their motion to dismiss with prejudice.

Dated: March 11, 2008            Respectfully submitted,

                                 JOSEPH P. RUSSONIELLO
                                 United States Attorney

                        By:          /s/
                                 Michael T. Pyle
                                 Assistant U.S. Attorney
                                 Attorneys for Defendants USA and USPS