1  Harrington, Foxx, Dubrow & Canter, LLP
   KEVIN J. GRAY, State Bar No. 142685
2  650 California Street, 19th Floor
   San Francisco, California 94108
3  Telephone (415) 288-660
   Facsimile (415) 288-6618
4  E-mail kgray@hfdclaw.com

5

6  Attorneys for Plaintiff PRAETORIAN FINANCIAL
   INSURANCE COMPANY

7

8              UNITED STATES DISTRICT COURT

9        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                  OAKLAND DIVISION

11

12  PRAETORIAN FINANCIAL INSURANCE      )  CASE NO.  07-05746 SBA
    COMPANY,                            )
13                                      )
              Plaintiff,                )  [PROPOSED] MEMORANDUM AND
14                                      )  ORDER DENYING FEDERAL
       v.                               )  DEFENDANTS' MOTION TO DISMISS
15                                      )
    UNITED STATES OF AMERICA, UNITED    )  Date:        March 25, 2008
16  STATES POSTAL SERVICE, AND DOES 1   )  Time:        1:00 p.m.
    TO 25, INCLUSIVE,                   )  Courtroom:   3
17                                      )  Hon:         Saundra B. Armstrong
              Defendants.               )
18                                      )
    _____)
19

20

21              MEMORANDUM AND ORDER

22

23                      I.

24                  MEMORANDUM

25

26      This case came regularly for hearing on March 25, 2008 at 1:00 p.m. in Courtroom 3 of the

27  above captioned Court, the Honorable Saundra B. Armstrong presiding.  Plaintiff Praetorian

28  Financial Insurance Company ("Praetorian") requests this Court to deny Defendants United States

HARRINGTON, FOXX, DUBROW & CANTER, LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108
TELEPHONE (415) 288-6600

1   of America's and the United States Postal Service's (collectively "Federal Defendants") Motion to

2   Dismiss Praetorian's Complaint.  The Court hereby denies the United States of America's Motion

3   and grants the United States Postal Service's Motion in for the reasons stated in this Memorandum

4   Opinion.

5

6       **A.      Background**

7

8       For the purposes of the Federal Defendants' Motion to Dismiss, the following facts alleged

9   in Praetorian's Complaint are taken as true.  Pursuant to <u>In re Silicon Graphics, Inc. Sec. Litig.</u>,

10  183 F.3d 970, 986 (9th Cir. 1999), the Court will also take notice and accept as true the facts

11  contained in the Lease between Praetorian's insured and the Federal Defendants which the Federal

12  Defendants attached to their moving papers.

13

14      This subrogation, property damage case arises out of a fire on May 17, 2006 at premises

15  leased by Federal Defendants from Praetorian's insured.  (See Complaint at ¶s 3, 4, 5 and 7)

16  PRAETORIAN alleges this fire was caused, "As a result of the Defendants, including their

17  employees, agents, or representatives and each of them, rigging an electrical receptacle and timing

18  device for the activation of timed electrical energy for cooking, production of hot water, unknown

19  food preparation, or as a result of other intentional or unintentional actions or failure to act."  (See

20  Complaint at ¶ 8)   PRAETORIAN further alleges, "That the Defendants, including their

21  employees, agents, or representatives and each of them, were negligent in rigging an electrical

22  receptacle and timing device for the activation of timed electrical energy for cooking, production

23  of hot water, unknown food preparation, or as a result of other intentional or unintentional actions

24  or their failure to act," and, alternatively, that Defendants were negligent in supervising its

25  employees and in the maintenance of the Premises.  (See Complaint at ¶s 9, 10, and 11) This

26  negligence was the cause of the fire.  (Complaints at ¶ 12)   The provisions of the Lease for the

27  Premises were silent as to whether the lessors, Praetorian's insureds, were responsible for

28  maintaining liability insurance for the Premises or the intent of the parties regarding the lessor

**HARRINGTON, FOXX, DUBROW & CANTER, LLP**
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108
TELEPHONE (415) 288-6600

HARRINGTON, FOXX, DUBROW & CANTER, LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108
TELEPHONE (415) 288-6600

1  procuring liability insurance.  (See generally, the Lease, attached to the Federal Defendants'

2  moving papers)

3

4      The Federal Defendants' Motion to Dismiss the Complaint is based on its argument that a

5  subrogation property damage claim to recoup monies spent by a landlord's insurance company for

6  fire damage to a leased premises cannot be brought against a leasee.  In support of their position,

7  the Federal Defendants rely upon the case of <u>Parsons Manufacturing Corporation, Inc. v. Superior</u>

8  <u>Court (General Accident Fire and Life Assurance Corporation, Ltd.</u>) (1984) 156 Cal.App.3d 1151.

9

10     The Federal Defendants further argue that the United States Postal Service is not a proper

11  party and should be dismissed.  Praetorian does not dispute or oppose this contention in its

12  Opposition and the United States Postal Service is hereby dismissed.

13

14     **B.    Legal Standard for Review**

15

16     In ruling on a motion to dismiss, the Court must accept as true all the material and factual

17  allegations of the complaint.  (<u>Bell Atlantic Corp. v. Twombley,</u> 127 S.Ct. 1955) (2007) In ruling

18  on a Motion to Dismiss, the Court may take notice, and read into the factual allegations of the

19  Complaint, any documents referred to in the Complaint about which the authenticity may not be

20  questioned. (<u>In re Silicon Graphics, Inc. Sec. Litig.</u>, 183 F.3d 970, 986 (9th Cir. 1999))

21

22     "Ordinarily, a motion to dismiss should not be granted," and, "Where there is any doubt

23  about the character of the action, doubts should be resolved in favor of the pleader."  (<u>Taylor v.</u>

24  <u>Breed</u>, 58 F.R.D. 101, 105 (N.D. Cal. 1973) Moreover, "A complaint should not be dismissed for

25  failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in

26  support of his claim which would entitle him to relief."  (<u>Williams v. Gorton</u>, 529 F.2d 668, 672 to

27  673 (9th Cir. 1976)  Thus, the Court must strictly construe the Federal Defendants' Motion to

28  Dismiss and resolve any factual ambiguities in favor of Praetorian.

1    California substantive law applies to the Federal Defendants' Motion to Dismiss.  (28.

2    U.S.C. sec. 1346(b); see also, Richards v. United States, 369 U.S. 1 (91962)

3

4    **C.    Legal Analysis**

5

6        The right of subrogation exists to compel payment from one "who in justice and good

7    conscience *ought* to make" payment.  (State Farm General Insurance Company v. Wells Fargo

8    Bank, N.A. (2006) 143 Cal.App.4th 1098, 1106 (emphasis in original)) Subrogation allows an

9    insurance company to be put in the position of its insured to recover monies the insurer paid on

10   behalf of the insured for damages caused by another.  (State Farm, 143 Cal.App.4th at 1106) In

11   deciding whether a right to subrogation exists, the equities between the insurer and the third party

12   from whom payment is being sought must be balanced.  If the insurer has superior equities, then it

13   may recover from the third party.  (State Farm, 143 Cal.App.4th at 1108)  This "doctrine of

14   superior equities applies in all cases of subrogation."  (State Farm, 143 Cal.App.4th at 1111)

15

16       In State Farm, the Court explained that in balancing the equities "the wrongdoer is not

17   relieved of liability merely because the insured took the precaution of insuring against the risk of

18   loss."  (State Farm, 143 Cal.App.4th at 1110) In weighing the equities, the Court must determine

19   who ultimately must bear the loss and this analysis comes "down to a question of fault."  (State

20   Farm, 143 Cal.App.4th at 1112)   The wrongdoer which caused the loss cannot be considered an

21   innocent party and where there is an innocent insurer, the insurer "will always have superior

22   equities."  (State Farm, 143 Cal.App.4th at 1113) This rule applies to entities which are in a

23   position to avoid the loss, such as an employer which has constructive notice of wrongdoing on its

24   employee's part, but takes no action to remedy the situation.  (State Farm, 143 Cal.App.4th at

25   1113 to 1114) These rules apply with equal force even where the third party's liability is

26   contractual, as it is unfair for the insurer to bear the loss when "the loss has been caused by the

27   third party's tortious conduct."  (State Farm, 143 Cal.App.4th at 1118)

28

HARRINGTON, FOXX, DUBROW & CANTER, LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108
TELEPHONE (415) 288-6600

HARRINGTON, FOXX, DUBROW & CANTER, LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108
TELEPHONE (415) 288-6600

Based on the facts alleged in its Complaint, Praetorian has properly plead a subrogation property damage claim against the United States Government.  Praetornian alleged it was the insurer of Oakland Associates and S.S. Silverblatt, Inc. and was obliged to pay for losses they incurred as a result of the Federal Defendants' negligence.  Based on this allegation, the equities shifted in Praetorinan's favor.  Praetorian is an innocent insurer who was damaged by the wrongful actions of the Federal Defendants which were "negligent in rigging an electrical receptacle and timing device for the activation of timed electrical energy for cooking, production of hot water, unknown food preparation, or as a result of other intentional or unintentional actions or their failure to act," and, alternatively, negligent in supervising its employees and in the maintenance of the Premises.

The Federal Defendants rely exclusively upon Parsons Manufacturing Corporation, Inc. v. Superior Court (General Accident Fire and Life Assurance Corporation, Ltd.) (1984) 156 Cal.App.3d 1151 in support of their Motion to Dismiss.  The Court, however, cannot rely upon Parsons because Parsons' analysis is incomplete.  Though State Farm mandates the equities must be balanced, Parsons never balanced the equities of the relative parties, which "applies in all cases of subrogation."  (State Farm, 143 Cal.App.4th at 1111)  Parsons never analyzed, as it was required to do, whether even under the contractual provisions of the lease the equities supported the lessee being held liable for its own negligence.

Further, Parsons is dependent on its interpretation of the lease at issue in that case.  In Parsons there was no express provision in the lease regarding insurance, but the Parsons Court found "hints" that the lessor would obtain insurance.  (Parsons, 156 Cal.App.4th at 1162 to 1163).  In the instant Lease, there are not even hints the lessor is to obtain insurance.  That distinction alone is enough to deny the Motion to Dismiss.

In Morris v. Warner (1929) 207 Cal. 498, the California Supreme Court stated the general rule that a "negligent lessee should be held responsible for the damage he or she causes."  (Morris

HARRINGTON, FOXX, DUBROW & CANTER, LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108
TELEPHONE (415) 288-6600

1    v. Warner (1929) 207 Cal. 498, 501 to 502) At issue in Morris was fire damage caused by the

2    lessee's negligence.  In Morris, the lease provision at issue was similar to the at issue in this

3    case–that the lessee would keep the premises in good repair and tenentable condition, except for

4    damage caused by fire.  In Morris, there was no evidence regarding any agreements that the lessor

5    would insure the premises and that such insurance would benefit both the lessor and lessee.

6    Absent insurance, the lessee was held liable to the lessor for fire damage caused by its own

7    negligence despite the lease provision.   (Morris, 207 Cal. at 501 to 502)_

8

9        The Morris case is controlling in the instant case.  There is no express agreement regarding

10   insurance in the Lease at issue and no mention of insurance in the Lease at all.  Without any

11   express agreement regarding insurance or any reference to it, the Federal Defendants are liable for

12   their own negligence in causing the fire.  Thus, under Morris, Praetorian has properly stated a

13   cause of action by pleading the fire damage was caused by the Federal Defendants' negligence.

14   An insurer steps into the shoes of its insured in a subrogation case and can assert its insured's

15   rights to recover damages from lessee for the lessee's negligence.

16

17       To avoid a result consistent with Morris, the Federal Defendants argue that an insurance

18   provision should be read into the Lease and rely upon Parsons, supra.  The Federal Defendants

19   reliance on Parsons is misplaced and Parsons needs to be placed in context.   Parsons was a

20   summary judgment case regarding fire damage caused by the lessee's negligence.  The lessee

21   claimed the lessor had waived its subrogation rights and moved for summary judgment.  The

22   lessee argued that under the lease it was responsible for returning the premises in good condition

23   except for damages caused by fire.   The Court found in the lessee's favor, and sidestepped the

24   Morris decision, by reading an implied requirement into the lease that the lessor obtain fire

25   insurance for the benefit of both the lessee and lessor.  The Court found that the lease was "rife

26   with hints that the lessor would procure insurance" and because of these hints the "lessee was

27   entitled to expect that such insurance would be for its benefit."  (Parsons, 156 Cal.App.3d 1151)

28   It is on this point that Parsons is distinguishable.  The Lease at issue in the instant case is silent on

HARRINGTON, FOXX, DUBROW & CANTER, LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108
TELEPHONE (415) 288-6600

1  the issue of insurance and there are no "hints" upon which the Federal Defendants could rely.

2  Thus, at the pleading stage, an implied contract provision cannot be read into the Lease where

3  there are no factual "hints" to support doing so.  Thus, Parsons is not controlling and the Motion

4  to Dismiss should be denied.

5

6      Parsons was also clear to state that, "We do not mean our opinion to state that a lessor may

7  never shift to the lessee the burden of insuring against the lessee's negligence." (Parsons, 156

8  Cal.App.3d at 1162) The Court in Fire Insurance Exchange v. Hammond (2000) 83 Cal.App.4th

9  313, discussed Parsons and when the burden would shift.  In Fire Insurance Exchange, the Court

10 pointed out that an implied insurance provisions was read into the lease in Parsons because of the

11 "hints" that insurance would be procured.  (Fire Insurance Exchange, 83 Cal.App.4ht at 318)   The

12 Court then went on to state there was a "scarcity" of California opinions regarding the subrogation

13 issue, but in the majority of out-of-state cases in which subrogation was denied, "the lease

14 expressly required the lessor to maintain fire insurance and/or excepted fire damage in the yield-

15 up clause."   (Fire Insurance Exchange, 83 Cal.App.4th at 319)

16

17      The Court explained that the "subrogation issue is generally resolved on a case-by-case

18 basis, dependent on the parties' reasonable expectations in light of the particular lease terms."

19 (Fire Insurance Exchange, 83 Cal.App.4ht at 319 to 320)   Further, where the parties have reduced

20 their agreement to writing, their mutual intention is to be determined by the language of that

21 agreement.   (Fire Insurance Exchange, 83 Cal.App.4ht at 321)   In Allstate Ins. Co. v. Gip, 797 F.

22 Supp.763 (N.D. Cal. 1992), upon which the Federal Defendants rely, the Court explained that the

23 question as to what the parties intended in their lease regarding insurance was a factual issue.

24 (See Allstate Ins. Co., 797 F.Supp. at 766)

25 / / /

26 / / /

27 / / /

28 / / /

**D.     Conclusion**

In the instant case, the language of the Lease is silent on the issue of insurance or what the intent of the parties was in entering the lease.  At the pleading stage all "doubts should be resolved in favor of the pleader."  (Taylor v. Breed, 58 F.R.D. 101, 105 (N.D. Cal. 1973)   Thus, the Court cannot read into the Complaint facts that are not there or what the intent of the parties was regarding insurance.  Nor can the Court read into the Complaint what the reasonable expectations of the parties were in entering into the Lease.  Thus, the Motion to Dismiss based on the intent of the parties and their reasonable expectations, absent any facts, must be denied as to Defendant United States of America.  The case of Parsons Manufacturing Corporation, Inc. v. Superior Court (General Accident Fire and Life Assurance Corporation, Ltd.) (1984) 156 Cal.App.3d 1151 is not controlling.

Praetorian has not opposed the United States Postal Service's Motion to Dismiss and the United States Postal Service's Motion is granted.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

HARRINGTON, FOXX, DUBROW & CANTER, LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108
TELEPHONE (415) 288-6600

1

## **<u>ORDER</u>**

2

3    Based on the foregoing Memorandum Opinion and good cause being shown,

4

5    IT IS HEREBY ORDERED, that the United States Postal Service's Motion to Dismiss the

6  Complaint is granted; and

7

8    IT IS FURTHER ORDERED that the United States of America's Motion to Dismiss the

9  Complaint is denied;

10

11    IT IS FURTHER ORDERED that the United States of American shall answer the

12  Complaint within twenty (20) days of the issuance of this ORDER.

13

14

15   Dated: March _____, 2008

_____
16                                          The Honorable Saundra B. Armstrong
United States District Court Judge

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] MEMORANDUM AND ORDER

HARRINGTON, FOXX, DUBROW & CANTER, LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108
TELEPHONE (415) 288-6600