JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MICHAEL T. PYLE (CSBN 172954 )
michael.t.pyle@usdoj.gov
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7322
FAX: (415) 436-6748

Attorneys for Defendants USA and USPS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PRAETORIAN FINANCIAL INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA ET AL.,<br><br>    Defendants. | No. 07-05746 SBA<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: May 29, 2008<br>Time: 3:15 p.m.<br>Judge: Hon. Saundra B. Armstrong |

    Plaintiff, Praetorian Financial Insurance Company ("Praetorian" or "Plaintiff"), and defendants, the United States of America and United States Postal Service (collectively "United States" or "Defendants"), by and through their undersigned counsel, hereby submit the following Joint Case Management Conference Statement pursuant to Civil Local Rule 16-9:

1. Jurisdiction and Service:   This is an action arising under the Federal Tort Claims Act, over which this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  The parties agree that personal jurisdiction, venue, and service are not at issue.

2. <u>Facts</u>: This case arises out of a fire that took place on or about May 17, 2006 in a building located at 1675 7th Street in Oakland.  At the time of the fire, the building was leased to the Defendants by Plaintiff's insureds.  Plaintiff contends that Defendants caused the fire and

therefore must reimburse Plaintiff for the money paid to its insureds for the damage caused by the fire. Defendants deny any and all responsibility for the fire and further deny, for the reasons articulated in the pending motion to dismiss, that Plaintiff is entitled to proceed with its claim.

3. <u>Legal Issues</u>: (1) Whether or not Defendants can be held liable in light of the issues raised in Defendants' pending motion to dismiss and (2) whether or not Defendants are liable to Plaintiff on Plaintiff's negligence claim.

4. <u>Motions</u>: There is a pending motion to dismiss filed by Defendants. Defendants intend to move for summary judgment should the motion to dismiss be denied. At this time the parties do not anticipate any other motions.

5. <u>Amendment of Pleadings</u>: The parties believe it is unlikely that any amendments to the pleadings will be necessary in this case, but they request that the Court set a deadline for amendment of pleadings should the Court deny the pending motion to dismiss.

6. <u>Evidence Preservation</u>: The parties have taken affirmative steps to preserve documents and evidence related to this action.

7. <u>Disclosures</u>: The parties propose to serve initial disclosures 30 days after the court's ruling on the motion to dismiss.

8. <u>Discovery</u>: The parties do not believe that any changes to the discovery limits or procedures are necessary or appropriate at this time.

9. <u>Class Actions</u>:  Not applicable.

10. <u>Related Cases</u>: None.

11. <u>Relief</u>:

   <u>Plaintiff</u>: Plaintiff seeks: 1. Property damages; 2. Costs of suit; 3. Pre-judgment interest; and 4. Such other relief as the Court deems proper.

   <u>Defendant</u>: Defendant seeks dismissal of this action and the assessment of costs.

12. <u>Settlement and ADR</u>: The parties filed a Notice of Need for ADR Phone Conference on March 27, 2008. Counsel have not yet been contacted by the ADR office.

13. <u>Consent to Magistrate Judge for All Purposes</u>:   The parties do not consent to have this matter heard by a magistrate judge for all purposes.

JOINT STATUS CONF. STATEMENT
C 07-05746 SBA

1  14. Other References: Neither party requests any reference.

2  15. Narrowing of Issues: None at this time.

3  16. Expedited Schedule: The parties see no need for an expedited schedule.

4  17. Scheduling: The parties request that the Court defer setting a schedule for this case until after
the Court rules on the pending motion to dismiss. The parties believe that an appropriate
schedule for this matter will depend on the nature of the Court's ruling on Defendant's pending
motion to dismiss.

8  18. Trial: The parties request that the Court defer setting a trial date until after the Court rules on
the pending motion to dismiss.

10 19. Disclosure of Non-party Interested Entities or Persons: Plaintiff will file its certification of
interested entities or persons pursuant to Civil L.R 3-16 prior to the CMC. Civil L.R. 3-16 does
not apply to the United States or USPS by the terms of that rule.

Dated: May 19, 2008

                                Respectfully submitted,

                                JOSEPH P. RUSSONIELLO
                                United States Attorney

             By:       /s/
                    MICHAEL T. PYLE
                    Assistant United States Attorney
                    Attorney for Defendants

                    HARRINGTON, FOXX, DUBROW & CANTER, LLP

           By:       /s/
                  KEVIN J. GRAY
                  Attorneys for Plaintiff

JOINT STATUS CONF. STATEMENT
C 07-05746 SBA